1  Peter E. Perkowski (SBN 199491)
   peter@perkowskilegal.com
2  PERKOWSKI LEGAL, PC
   515 S. Flower Street
3  Suite 1800
   Los Angeles, California 90071
4  Telephone: (213) 340-5796

5  Attorneys for Plaintiff
   PETER BUSCHMANN

6

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10 | PETER BUSCHMANN,                    | Case No.: 2:24-cv-9029
11 |         *Plaintiff*,                | **COMPLAINT FOR COPYRIGHT**
                                          **INFRINGEMENT**
12 | v.
13 | MALIBU TIMES COLLECTIVE, LLC,
14 | and 13 STARS,
                                          *Jury Trial Demanded*
15 |         *Defendants*.

16

17         Plaintiff Peter Buschmann, for his Complaint against Malibu Times Collective,

18 LLC and 13 Stars, alleges as follows:

19                          **JURISDICTION**

20         1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101

21 et seq. This Court therefore has jurisdiction over the subject matter of this action

22 under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

23                            **PARTIES**

24                      *Plaintiff Buschmann*

25         2.    Plaintiff is a freelance photographer and regularly licenses photographs

26 to numerous top-tier outlets. Throughout his illustrious career, he has had the

27 privilege of working with an array of globally recognized and prestigious clients,

28 including industry leaders and iconic brands. His exceptional talent in photography

1  has been sought after by distinguished names such as Kering and Michael Kors along

2  with countless A-list celebrities. These collaborations underscore Mr. Buschmann's

3  talent and his impeccable reputation within the industry. His photographs have

4  graced magazines as well as the marketing materials and campaigns of world-

5  renowned brands, a testament to his remarkable skill and ability to consistently deliver

6  extraordinary visual content.

7       3.     Buschmann and his agents conduct business as a syndicator of photos

8  and features of popular content including magazines like Defendant. The business

9  model is predicated on licensing the use of works to many different licensees, each of

10  which pays a fee to publish.

11       4.     Plaintiff is a resident of Los Angeles, in this judicial district.

12                      ***Defendants***

13       5.     Defendant Malibu Times Collective is a limited liability company

14  organized and existing under the laws of the State of California with its principal place

15  of business in Malibu, California, in this judicial district.

16       6.     Defendant 13 Stars is a corporation organized and existing under the laws

17  of the State of California with its principal place of business in Atascadero, California,

18  in this judicial district.

19       7.     On information and belief, Malibu Times Collective and 13 Stars publish

20  the lifestyle magazine *Malibu Times Magazine*, sometimes referred to as *Malibu

21  Magazine*. On information and belief, defendants Malibu Times Collective and 13

22  Stars (together, "Defendant" or "Malibu Times") own, operate, or are otherwise

23  responsible for the content available at www.malibutimesmag.com and in print by way

24  of quarterly distributions of tens of thousands of magazines available in high-traffic

25  areas and mailed to high-income residents of Malibu and adjacent areas.

26                 ***Personal Jurisdiction and Venue***

27       8.     The Court has personal jurisdiction over Malibu Times Collective

28  because, being organized under California law and having its principal place of

business in this State and judicial district, Malibu Times Collective can be said to be "at home" in this State and judicial district.

9.    The Court has personal jurisdiction over 13 Stars because, being organized under California law and having its principal place of business in this State and judicial district, 13 Stars can be said to be "at home" in this State and judicial district.

10.    Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

11.    Buschmann owns and holds the copyright of a photographic image depicting the Woosley Fire in Malibu, California (the "Image"). The Image was registered with the U.S. Copyright Office as Reg. No. VA 2-383-979 (eff. Dec. 19, 2023).

12.    Plaintiff never licensed the Image to the Malibu Times. Nevertheless, Malibu Times used the Image without authorization or permission to do so.

13.    On information and belief, Malibu Times copied the Image from an online source then published the Image in print and online. In the printed edition of the *Malibu Times Magazine*, the Image was prominently displayed on an entire page, and part of a second page, of the glossy periodical.

14.    The Image was used to boost readership, sell advertisements, and lend credibility to content, which in turn contributed to the growth and reputation of *Malibu Times Magazine*.

15.    On information and belief, Malibu Times obtained the Image either from the Flickr account of the U.S. Forest Service, which had plaintiff's permission to use the Image, or from the Flickr account of plaintiff himself. On both Flickr accounts, the Image was displayed with copyright management information: the Forest Service credited plaintiff, using his name, and plaintiff's Flickr account listed plaintiff's name and a copyright notice near to the Image. At the time it copied the Image, therefore, Malibu Times knew of plaintiff's claim of copyright over the Image.

16.     Despite knowing that the Image was subject to copyright, and that plaintiff owned the copyright, Malibu Times displayed the Image in its print and online publications with a credit to Getty Images.

17.     The Image is creative, distinctive, and—as evidenced by Defendant's use and misappropriation of it—valuable. Because of the Image's quality, visual appeal, and subject matter, Plaintiff stood to gain revenue from licensing it.

18.     But Defendant's unauthorized use of the Image harmed the existing and future market for the Image. Defendant's publication made the Image immediately available to the public who would otherwise be interested in viewing licensed versions of the Image in the magazines, newspapers, and online publications that are Plaintiff's customers.

19.     Defendant's unauthorized use of the Image also harms Plaintiff's business model by driving down the prices for legitimately licensed images and driving away Plaintiff's actual and potential customers. Plaintiff's customers—among them, local magazines who pay large license fees for excellent visual content—are less likely to purchase licenses, or pay as much for a license, when the same content will be widely distributed simultaneously in tens of thousands of magazines and online.

20.     In addition, Defendant's unauthorized uses of the Image are commercial in nature. Defendant used the Image to promote its high-grade advertising from vendors specializing in luxury and the servicing of high net-worth individuals and businesses, many of which reside in Malibu and nearby. Indeed, a full-page ad was published alongside Plaintiff's Image.

21.     On information and belief, Defendant knew that because of the Image's depiction of a Malibu event, the public would be attracted to view the Image and thus more likely to subscribe, visit the Malibu Times website, visit the magazine's advertisers and purchase products and services from them, or advertise their own businesses.

1    22.    Defendant actions were willful because it is a sophisticated publisher of

2  news content. Plaintiff's agent notified Malibu Times of the infringements November

3  15, 2023, but the parties were unable to reach an informal resolution. Despite being on

4  notice of the infringement, the Image remained live on Malibu Times' website and on

5  newsstands in and around Malibu.

6                              **CLAIM ONE**

7                  **(Copyright Infringement, 17 U.S.C. § 501)**

8    23.    All prior paragraphs are incorporated into this claim.

9    24.    Plaintiff is the copyright owner of the protected Image named above in

10  this Complaint.

11    25.    Defendant has reproduced, displayed, or otherwise copied the Image

12  without Plaintiff's authorization or license.

13    26.    The foregoing acts of Defendant infringed upon the exclusive rights

14  granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and

15  distribute their work to the public. Such actions and conduct constitute copyright

16  infringement in violation of 17 U.S.C. §§ 501 et seq.

17    27.    Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and

18  secured and registered the exclusive rights and privileges in and to the copyright of

19  the above-referenced work in accordance with 17 U.S.C § 408.

20    28.    Plaintiff suffered damages as a result of Defendant's unauthorized use of

21  the Image.

22    29.    Plaintiff is entitled to recovery of their actual damages and Defendant's

23  profits attributable to the infringement of the Image, under 17 U.S.C. § 504(b).

24                              **CLAIM TWO**

25          **(Vicarious and/or Contributory Copyright Infringement)**

26    30.    All prior paragraphs are incorporated into this claim.

27  ///

28

COMPLAINT

31.     If either Defendant is not liable as direct infringer of the Image, it is secondarily liable for the infringements directly committed by individual employees, contractors, or other infringers presently unknown (the "Direct Infringers").

32.     Defendant contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendant's direction and control and/or using technology, facilities, and support services provided by defendant.

33.     Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, Defendant had the right and ability to supervise the infringing activity of the Direct Infringers because the infringements occurred on its website and print publication.

34.     Defendant obtained some financial benefit from the infringement of plaintiff's rights in the Image because Defendant has monetized its print and online publications, because the Image were a draw for viewers regardless of the revenue received from any specific use, and because the publications were supported by advertising. Accordingly, Defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

35.     As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered substantial damages in an amount to be proven at trial.

36.     Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by Defendant in an amount to be proven at trial.

## CLAIM THREE

### (Providing False Copyright Management Information, 17 U.S.C. § 1202(a))

37.     All prior paragraphs are incorporated into this claim.

38.     Given that a significant portion of Malibu Times' business revolves around photographs and other copyrightable matter—including the use and licensing of photographs and other content—Malibu Times knew the importance of copyrights in photographs and in the meaning and importance who should be given credit.

1    39.    At the time Malibu Times displayed and published the Image, it knew or

2    should have known that plaintiff owned the copyright to the Image and therefore that

3    credit for the Image did not belong to and should not have been attributed to Getty

4    Images.

5    40.    Nevertheless, Malibu Times displayed and published the Image with

6    credit to Getty Images. The credit given to Getty Images was false.

7    41.    On information and belief, Malibu Times displayed and published the

8    Image with false credit to Getty Images in order to conceal its infringement.

9    42.    The credit given for the Image to Getty Images is "copyright

10    management information" ("CMI") as that phrase is defined in 17 U.S.C. § 1202(c).

11    43.    As a direct and proximate result of the above-alleged acts, plaintiff has

12    suffered damages in an amount to be proven at trial.

13    44.    As a result of the falsification of CMI, plaintiff is entitled to recover his

14    actual damages and defendants' profits; or an award of statutory damages for each of

15    defendants' violations of 17 U.S.C. § 1202(a), in a sum of not less than $2,500 or

16    more than $25,000 per violation in accordance with 17 U.S.C. § 1203(c)(3)(B), plus

17    attorney fees and costs, as provided by 17 U.S.C. § 1203(b).

18    45.    Within the time permitted by law, plaintiff will make his election

19    between actual damages and statutory damages.

20    **PRAYER FOR RELIEF**

21    WHEREFORE, Plaintiff requests the following:

22    A.    For a preliminary and permanent injunction against Defendant and

23    anyone working in concert with it from further copying or displaying the Image;

24    B.    For an order requiring Defendant to account to Plaintiff for profits and

25    any damages sustained by Plaintiff arising from the acts of infringement;

26    C.    As permitted under 17 U.S.C. § 503, for impoundment of all copies of

27    the Image used in violation of Plaintiff's copyright—including digital copies or any

28

1   other means by which they could be used again by Defendant without Plaintiff's

2   authorization—as well as all related records and documents;

3        D.      For actual damages and all profits derived from the unauthorized use of

4   the Image;

5        E.      Under 17 U.S.C. § 1203, for actual damages for the unauthorized

6   alteration or removal of copyright information or, where applicable and at plaintiff's

7   election, statutory damages of not less than $2,500 or more than $25,000.

8        F.      For an award of pre-judgment interest as allowed by law;

9        G.      For attorney fees, costs and expenses, and all other amounts authorized

10  under law.

11       H.      For such other and further relief as the Court deems just and proper.

12                          **JURY TRIAL DEMAND**

13       Plaintiff demands a trial by jury of all issues permitted by law.

14

15   Dated: October 19, 2024          Respectfully submitted,

16                                    **PERKOWSKI LEGAL, PC**

17

18                                    By:    /s/ Peter Perkowski

                                      Peter E. Perkowski

19
                                      Attorneys for Plaintiff
20                                    PETER BUSCHMANN

21

22

23

24

25

26

27

28

COMPLAINT